The Honorable Tom Wynne Prosecuting Attorney 13th Judicial District P.O. Box 748 Fordyce, Arkansas 71742
Dear Mr. Wynne:
This is in response to your request for an opinion on whether the following three positions in the Prosecuting Attorney's Office should be included in the Arkansas Public Employees' Retirement System or "APERS":
 1. Hot Check Coordinator for Columbia County. This position is paid by the Prosecuting Attorney from the Hot Check Fees Account pursuant to Ark. Code Ann. 16-21-120.
 2. Victim/Witness Coordinator. This position is paid by the Prosecuting Attorney from funds received by the County Treasurer pursuant to Ark. Code Ann. 16-21-106 and 16-21-107. (As permitted by state law, the county levied a $5.00 dollar court cost which funds this position).
 3. The Multidisciplinary Team Coordinator for Union County. This position is paid from a federal grant (VOCA) and a professional services contract from the Prosecutor Coordinator's Office to the Prosecuting Attorney's Office. The Prosecutor then pays the salary.
For the reasons that follow, it is my opinion that the "Hot Check Coordinator" is not eligible for membership in APERS; the Victim/Witness Coordinator is eligible for membership in APERS as a "county employee;" and the "Multidisciplinary Team Coordinator" is eligible for membership in APERS as a "state employee" as long as this person is not an independent contractor who provides services under a professional services contract with the Prosecuting Attorney.
Eligibility for membership in APERS is governed by A.C.A.24-4-301 (Repl. 1992). Subsection (a)(1) of this section states that ". . . all state employees, as defined in 24-4-101(7)-(11), shall become members of the system as a condition of employment." Subsection (b) of A.C.A. 24-4-301 states that "All county employees, as defined in 24-4-101(7)-(11), who are in the employ of a county . . . shall become members of the system as a condition of . . . obtaining county employment. . . ." Municipal employees are also covered. A.C.A. 24-4-301(c). Membership in the system is thus determined by whether one is a "state employee," a "county employee," or a "municipal employee," as those terms are defined in A.C.A. 24-4-101(7)-(11).
For our purposes, the relevant definitions are those governing state and county employees. "`State employees' means all otherwise eligible employees whose compensations were, or are, payable from funds appropriated by the state and includes all employees whose compensations were, or are, payable in whole or in part from federal funds. . . ." A.C.A. 24-4-101(8). "`County employees' means all employees whose compensations are payable, either directly or indirectly, by county participating public employers. . . ." A.C.A. 24-4-101(10). Of course the definitions above require, from the outset, that the individual be an "employee" which is defined at A.C.A. 24-4-101(7)(A)(1) (as amended by Act 432 of 1993) as ". . . all officers and employees of any office, agency, board, commission, or department of a public employer whose compensations were, or are, payable from funds appropriated by the public employer and all otherwise eligible employees whose compensations were, or are, payable in whole or part from federal funds. . . ." In case of any doubt as to whether a particular individual is a state or county employee within the meaning of these laws, the Board of Trustees of the Arkansas Public Employees' Retirement System has the final power to decide the question. A.C.A. 24-4-101(8) and 24-4-101(10).
With regard to the "Hot Check Coordinator," it is my opinion, based upon the information I have been given, that this individual is not eligible for membership in APERS. This individual, in my opinion, does not fall within the definition of a "state employee" or a "county employee" if, as you suggest, her compensation is paid solely from the "Hot Check Fees Account" pursuant to A.C.A. 16-21-120 (1987). This statute authorizes the creation of a special fund to be administered by the prosecuting attorney, and allows the funds to be expended at the "sole discretion" of the prosecutor. As I understand the facts regarding this fund, the monies are not appropriated by the state, for purposes of A.C.A. 24-4-101(8), nor are they payable directly or indirectly by the county for purposes of A.C.A.24-4-101(10) or appropriated by the county for purposes of A.C.A.24-4-101(7)(A)(i). They are administered entirely by the prosecutor. It is also my understanding that the position of "Hot Check Coordinator" in Columbia County is not created by any state law, and because you have attached no relevant ordinance in this regard, it is my assumption that it is not created by county ordinance.
If the position is not funded by state appropriated funds, and the compensation is not payable directly or indirectly by the county, nor appropriated by the county, the individual holding this position is not eligible for membership under either of the definitions noted above.
With regard to the position of Victim/Witness Coordinator, you have attached a copy of an ordinance which levies the five dollar court cost authorized at A.C.A. 16-21-106(b)(2)(B)(i) (Cum. Supp. 1991), and which provides that the funds collected shall be placed into a special fund on the County Treasurer's books to be used exclusively to pay the cost of the prosecutor's "Victims of Crime Program," all as authorized by A.C.A. 16-21-106. The ordinance also creates the position of "Victims of Crime Case Coordinator."
It is my opinion that this state of facts is sufficient to render the Victim/Witness Coordinator a "county employee" for purposes of A.C.A. 24-4-101(10). In my opinion, this person's compensation is payable directly or indirectly by the county for purposes of this provision, and is "appropriated by the public employer" for purposes of A.C.A. 24-4-101(7)(A)(i). (Monies drawn out of the county treasury must be preceded by an appropriation. A.C.A. 14-14-1102(b)(2)(C)(i)). The position has also been created by county ordinance.
With regard to the position of "Multidisciplinary Team Coordinator," it is my understanding that this position is funded by federal grant monies which are appropriated by the state to the Office of the Prosecutor Coordinator. See Act 790 of 1991, Section 9. The Prosecutor Coordinator then undertakes a professional services contract (see A.C.A. 19-4-1701—1715) with the prosecuting attorney who takes the funds and pays the salary to the Multidisciplinary Team Coordinator. This Multidisciplinary Team Coordinator is hired by the Prosecuting Attorney's Office, and is not authorized or created by county ordinance. Although the position is not created by state statute, it is apparently subject to some regulation by the state Director of the Department of Human Services. See A.C.A. 12-12-502 (Cum. Supp. 1991).
This set of facts, in my opinion, renders the "Multidisciplinary Team Coordinator" eligible for membership in APERS as a "state employee," as long as the individual is truly "employed" by the Prosecutor's office, and is not an independent contractor, by virtue of a separate professional services contract. See A.C.A. 19-4-1702 (1987). The position of Coordinator, if created and filled by the Prosecutor's Office, and subject to regulation by DHS, is, for purposes of A.C.A.24-4-101(7)(A)(i), an "employee" of the state, and meets the requirements of A.C.A. 24-4-101(8) that the compensation be payable from funds appropriated by the state.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding from conversations with personnel of your office, that the federal monies received from the Prosecutor Coordinator's Office are deposited in the Union County Treasury and then appropriated and paid by the county as salary to the Multidisciplinary Team Coordinator. This information appears to be contrary to the facts stated in your request. In any event, it is my opinion that this fact, without other evidence that the Coordinator is an employee of the county (e.g., the position was created by the county or is in some degree subject to the control of the county), does not render the person eligible as a "county employee" for purposes of A.C.A. 24-4-101(10).